UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT O. SHEA, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 4:11-CV-1415 CAS |
| v. | ) |
| | ) |
| PEOPLES NATIONAL BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs Robert O. Shea, Jr. and Linda J. Shea's Motion to Strike Defendant Carley's Reply Memorandum in Support of Summary Judgment, or in the Alternative, for Leave to File Their Memorandum in Opposition to Defendant Carley's Motions to Strike Summary Judgment Affidavits Contained Therein.  Defendant Carley opposes the motion to strike as moot, but does not address the alternative motion.  For the following reasons, the motion to strike will be denied and plaintiffs' alternative motion, construed as a motion for leave to file a surresponse, will be granted.

The Court has already informed the parties that it does not construe defendant Carley's Reply memorandum in support of his motion for summary judgment as a motion to strike, and instead "views Carley's language as an invitation to disregard aspects of the Affidavits and Plaintiffs' Statement of Additional Controverted Facts in ruling on the summary judgment motions[.]"  Order of January 4, 2013 (Doc. 93).  It is for the Court to determine how to interpret any document that is filed with it, and also to determine what materials are or are not probative in ruling on a dispositive motion.

The Court's interpretation of Carley's Reply memorandum is supported by the Federal Rules of Civil Procedure. Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2012). Under Rule 7(a), only the following are pleadings:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Rule 7(a), Fed. R. Civ. P. "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."[1] 2 Moore's Federal Practice §12.37[2].

This Court has generally restricted the use of motions to strike to material contained in pleadings. See, e.g., Khamis v. Board of Regents, Southeast Mo. State Univ., 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010) (affidavit attached to memorandum in opposition was not a pleading and could not be attacked by a motion to strike; however, the Court would not consider any portions

---

[1] "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais v. New Mexico Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (quoting Superior Prod. P'ship v. Gordon Auto. Body Parts Co., Ltd., 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008); citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998) (unpublished) (holding that because party's "briefs were non-complying . . . it was well within the discretion of the district court to strike them"); Jones v. United Space Alliance, L.L.C., 170 F. App'x 52, 57 (11th Cir. 2006) (unpublished per curiam) (holding that court did not abuse its discretion in striking a motion that violated the district's local rules)). The Court has utilized this exception in this case to strike documents that were filed in violation of the Local Rules or for filing error, whether on its own initiative or on motion of a party.

of the affidavit that were not based on personal knowledge or that contained inadmissible hearsay); Donnelly v. St. John's Mercy Med. Ctr., 2009 WL 1259364, at **1-2 (E.D. Mo. May 5, 2009) (statement of uncontroverted material facts and response to motion for summary judgment were not pleadings and could not be attacked with a motion to strike); Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008) (motion to dismiss was not a pleading and could not be attacked with a motion to strike); Coleman v. City of Pagedale, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike)).

The Court did not construe Carley's Reply memorandum as a motion to strike plaintiffs' Affidavits, despite his repeated use of the phrase "moves to strike," because affidavits are not pleadings and cannot be challenged by means of a motion to strike. Similarly, plaintiffs may not use a motion to strike to challenge Carley's Reply memorandum, because a memorandum is not a pleading as defined by Rule 7(a).

Plaintiffs are not left without the means to respond to Carley's objections to their Affidavits, as they have the ability to seek leave of Court to file a surresponse to Carley's Reply memorandum. The Court will grant plaintiffs' alternative "Motion for Leave to File Their Memorandum in Opposition to Defendant Carley's Motions to Strike Summary Judgment Affidavits Contained Therein," which it construes as a motion for leave to file a surresponse.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Strike Defendant Carley's Reply Memorandum in Support of Summary Judgment is **DENIED**.  [Doc. 95]

**IT IS FURTHER ORDERED** that plaintiffs' alternative motion for leave to file a Surresponse to defendant Carley's Reply memorandum is **GRANTED**.  [Doc. 95]  Plaintiffs' Surresponse shall be filed by **January 9, 2013**.

                                                                                  _____
                                                                                  **CHARLES A. SHAW**
                                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of January, 2013.