# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT O. SHEA, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:11-CV-1415 CAS |
| PEOPLES NATIONAL BANK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case was originally filed in state court by plaintiffs Robert O. Shea, Jr. and Linda J. Shea, and asserts state law claims of fraudulent misrepresentation, negligent misrepresentation and breach of fiduciary duty.  The case was removed to federal court by defendants Peoples National Bank and Thomas Carley, II, on the basis of diversity of citizenship.  The case is now before the Court on separate motions for summary judgment filed by each defendant.  The motions are fully briefed and ready for decision.  For the following reasons, both motions will be denied.

**Background**

Plaintiffs' claims arise out of a $500,000 short-term loan they made to a developer, Richard Heyl, and his limited liability corporation, JFOV, LLC, in September 2007.  The loan was intended to provide interim funding to facilitate the completion of two luxury oceanfront villas on the island of St. John, U. S. Virgin Islands, pending Heyl and JFOV's expected receipt of permanent financing from a bank.  Heyl and JFOV were ultimately unable to obtain the permanent financing and could not repay the plaintiffs any of the loan amount.  Heyl filed for personal bankruptcy, and JFOV and its members were sued by JFOV's first mortgage holder in the Superior Court of the Virgin Islands.

The Sheas were also named as defendants in the Virgin Islands action, because they hold a second mortgage lien on JFOV's real property.

At the time plaintiffs made the loan in 2007, defendant Carley was a Vice President and commercial loan officer with defendant Peoples National Bank ("PNB"), where plaintiffs had placed most of their personal and commercial bank accounts in 2004. Carley had been the plaintiffs' banker since 2004 and had a close relationship with them, meeting with them on almost a weekly basis. Plaintiffs allege that Carley introduced them to Heyl, urged them to make the $500,000 loan, and told them that JFOV had already been approved for a permanent loan from which plaintiffs' loan would be repaid. In fact, Heyl and JFOV had only received a conditional letter of intent from the proposed lender.

**Legal Standards**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are

2

to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

**Discussion**

Carley and PNB move for summary judgment, and Carley moves in the alternative to dismiss plaintiffs' complaint, asserting that there are no genuine issues of material fact to preclude entry of judgment in their favor as a matter of law on all of plaintiffs' claims. The Court disagrees, finding that issues remain including but not limited to (1) whether defendant Carley negligently or intentionally made false representations to the plaintiffs that JFOV had already been approved for a permanent loan from which plaintiffs' loan would be repaid; (2) whether Carley had a fiduciary relationship with the Sheas and, if so, whether he breached a fiduciary duty owed to them; and (3) whether Carley's actions occurred in the course and scope of his employment with PNB.

Accordingly,

**IT IS HEREBY ORDERED** that the motions for summary judgment of defendants Peoples National Bank and Thomas Carley, II, and Carley's alternative motion to dismiss, are **DENIED**. [Docs. 65, 66]

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this     10th      day of January, 2013.